## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RENEE ANNETTE CHRUSTOWSKI,<br>Appellant, | DOCKET NUMBER<br>PH-0752-24-0299-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: April 22, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Renee Annette Chrustowski</u>, Middletown, Delaware, pro se.

<u>Roderick Eves</u>, Esquire, and <u>Ayana Bowman</u>, Esquire, St. Louis, Missouri,
   for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her removal or constructive removal for lack of jurisdiction, finding that she did not establish that she was a Postal Service employee with Board appeal rights. On petition for review, the appellant challenges the administrative judge's finding that she was not engaged in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

personnel work in other than a purely nonconfidential clerical capacity. She also argues the merits of her termination and reraises claims of equal employment opportunity discrimination and retaliation, prohibited personnel practices, harmful procedural error, and other wrongdoings. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant also asserts on review that the administrative judge "showed discrimination against [her]" by denying her motion to disqualify the agency's two representatives and not assigning her an attorney. Petition for Review (PFR) File, Tab 1 at 6-7. We construe the appellant's assertion as an argument that the administrative judge abused his discretion and was biased. The appellant also filed another motion to disqualify the agency representatives on review. PFR File, Tab 5. An administrative judge has broad discretion to control the proceedings before him. *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 20 (2016); *see* 5 C.F.R. § 1201.41(b). The Board generally will not find reversible error in an administrative judge's case-related ruling unless it was not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case. 5 C.F.R. § 1201.115(c). The

Board's regulations provide for the disqualification of a representative based on a conflict of interest, as well as for the exclusion of a representative for contumacious conduct or conduct prejudicial to the administration of justice. 5 C.F.R. §§ 1201.31(b)-(c), 1201.43(d). In denying the appellant's motion, the administrative judge reasoned that the appellant did not identify a sufficient basis for disqualifying the agency's representatives. Initial Appeal File (IAF), Tab 10, Initial Decision at 3 n.1. We agree. The appellant's allegation that the agency's representatives should be disqualified because they "are not witnesses to [her] personal experiences of employment discrimination" and "are relying on testimony from the opposing party" do not identify a conflict of interest, contumacious conduct, or conduct prejudicial to the administration of justice. IAF, Tab 9 at 4; *see White v. Department of the Air Force*, 71 M.S.P.R. 607, 613 (1996) (stating that the Board may not disqualify an agency's representative on any basis not provided for at 5 C.F.R. § 1201.31(b)). Thus, we discern no abuse of discretion in the administrative judge's denial of the appellant's motion below. For this same reason, we also deny the appellant's motion to disqualify the agency's representatives that she filed on review.

To the extent the appellant contends that the administrative judge was biased, we find no merit to her claim. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). An administrative judge's findings, even if erroneous, are insufficient in themselves to establish bias. *Myers v. Department of Agriculture*, 81 M.S.P.R. 496, ¶ 29 (1999). Here,

the appellant has merely asserted in a conclusory fashion that the administrative judge made erroneous decisions, gave "poor advice," and should have assigned her an attorney. PFR File, Tab 1 at 6-7. These allegations are insufficient to establish bias.[2] Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] On review, the appellant also files motions for leave to file additional pleadings as well as an incomplete and unsigned agreement to mediate her appeal. PFR File, Tabs 8, 12, 14. In her motions, she reiterates the arguments that she raised in her petition for review, including that she was subjected to discrimination, retaliation, and unfair treatment. PFR File, Tabs 8, 12, 14. Because we deny the appellant's petition for review, the appellant's motions for leave to file additional pleadings are also denied. We have also not considered the appellant's incomplete and unsigned agreement to mediate her appeal.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.